IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY SWAIN, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 21-4194 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                        August 25, 2022

Sherry Swain ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

### I.     PROCEDURAL HISTORY[1]

Plaintiff filed for DIB, on February 10, 2014, alleging disability based upon physical impairments. Pl. Br. at 1. Her case was denied by an administrative law judge and the Social Security Administration's Appeals Council. *Id.* at 1-2. Plaintiff sought judicial review in this district (Civil Action 17-5155) and, on June 10, 2019, the Honorable Eduardo C. Robreno remanded the case and entered judgment for Plaintiff. R. 875-77.

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

Upon remand, Plaintiff had an administrative hearing before Regina L. Warren, Administrative Law Judge ("the ALJ"), on December 3, 2019. R. 818-45. Plaintiff, represented by her current attorney, and Kathleen Young, a vocational expert, ("the VE") testified at that hearing. *Id.* On December 26, 2019, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 794-807. The Appeals Council declined to accept Plaintiff's request for review, on July 28, 2021, making the ALJ's findings the final determination of the Commissioner. R. 781-83. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     Personal History

Plaintiff, born on May 8, 1961, was 52 years old on her date last insured, December 31, 2013. R. 806. She last worked, in September 2008, as an elementary school teacher. R. 822.

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

B.  Plaintiff's Testimony

Plaintiff testified that, when she stopped working as an elementary school teacher in 2008, sleep apnea was causing her to have problems focusing and remembering; she also had pain in her fingers which prevented her from writing on a sustained basis and caused her to drop objects. R. 823, 828-29. In addition, Plaintiff had pain in her wrists, arms and lower back. R. 823. Back pain prevented her from picking up students who needed comforting; instead, she would sit down so the children could sit on her lap. *Id.* Also, Plaintiff was no longer able to move furniture or books, because of her pain. R. 824.

Plaintiff also experienced foot, ankle and knee pain from prolonged standing, R. 825, as well as rheumatoid arthritis, which was treated with medication, wrist braces, hot and cold compresses, and a wax solution. R. 824. Wrist braces also helped lessen symptoms caused by carpal tunnel syndrome. R. 829-30. Along with medication for arthritis, Plaintiff took asthma medication, narcotic pain medication and used a CPAP machine to treat her sleep apnea. R. 828.

Once Plaintiff stopped working, she noticed that the frequency and severity of her colds lessened. R. 827. Her level of pain also decreased, because she walked less and was able to rest as needed. *Id.* Despite these positive developments, Plaintiff remained unable to style her hair, fasten buttons or zip zippers; her mother assisted with these tasks. R. 827, 830. Furthermore, Plaintiff could not food shop, since prolonged walking exacerbated her back, joint and ankle pain to such an extent that she could not walk. R. 827-28.

C.  Vocational Testimony

The VE testified that Plaintiff's past work as an elementary school teacher was skilled,[3]

---

[3] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

3

light[4] work. R. 832. Next, the ALJ asked the VE to consider a person of Plaintiff's age, education and work experience, who was able to perform light work performing all postural activities on a frequent basis, gross and fine finger manipulations on a frequent basis and feeling on an occasional basis with the bilateral upper extremities; she should avoid extreme wetness, dust, fumes, gas and pulmonary irritants. R. 833. The VE responded that this person could perform Plaintiff's past work, *id.*, as well as several alternative jobs. R. 833-36. However, if the individual could only perform bilateral gross and fine finger manipulations on an occasional basis, they could perform no light work. R. 836-37. Furthermore, the ability to frequently perform gross and fine finger manipulations with only one hand, would still completely eliminate all light jobs. R. 837-38.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2013.

2. [Plaintiff] did not engage in substantial gainful activity during the period from her amended alleged onset date of May 7, 2011 through her date last insured of December 31, 2013 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] has the following severe impairments: obesity, cervical degenerative disc disease with radiculopathy (20 CFR 404.1521(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

        frequently perform gross and fine finger manipulations and occasionally perform feeling with her bilateral upper extremities; frequently perform postural activities except no climbing ladders; and avoid extreme wetness, dust, fumes, gas, and pulmonary irritants.

6.     Through the date last insured, [Plaintiff] was capable of performing past relevant work as an elementary school teacher. This work did not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity.

7.     [Plaintiff] was not under a disability, as defined in the Social Security Act, from May 7, 2011, the amened alleged onset date, through December 31, 2013, the date last insured (20 CFR 404.1520(f)).

R. 796-98, 800, 805, 807.

## IV. DISCUSSION

A.    <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986),

*cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could

perform her past relevant work, hence, she was not disabled prior to December 31, 2013, her date last insured. R. 794-807. In this case, there is no dispute that, if Plaintiff were restricted to sedentary[5] work, she would be disabled, under Medical-Vocational Guideline 201.14; the ALJ conceded this point at the administrative hearing. R. 835. Hence, Plaintiff's first argument is that the ALJ erroneously determined that she could perform light work. Pl. Br. at 4-10. Next, Plaintiff argues that the ALJ erred by finding that she could frequently perform fine and gross finger manipulation. *Id.* at 11-13. She further argues that the ALJ erred by summarily dismissing the Philadelphia School District's finding that Plaintiff was disabled from her past relevant work as an elementary school teacher. *Id.* at 13-15. Finally, Plaintiff argues that the statute providing for the appointment of former Commissioner Saul violates federal constitutional separation of power principles and should result in a remand. *Id.* at 15-19. The Commissioner denies Plaintiff's assertions. Resp. at 1-20.

This court finds merit in Plaintiff's argument that the ALJ erroneously determined that she could perform light work; this error spawned an erroneous finding that Plaintiff could frequently perform fine and gross finger manipulation. This first error is not harmless because, if Plaintiff is limited to sedentary work, she is disabled. Based on this determination, the court need not address her constitutional argument.[6]

  1. <u>The ALJ Erred in Finding that Plaintiff can Perform Light Work</u>

As noted, the ALJ's determination that Plaintiff could perform a limited range of light work was crucial to finding her not disabled, because, if Plaintiff was limited to sedentary work, she

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

[6] Plaintiff agrees that, if any of her non-constitutional arguments prevail, this court need not address her constitutional argument. Reply at 5 n.3.

could not perform her past relevant light work and, therefore, would automatically be disabled under Medical Vocational Rule 201.14. Plaintiff's first argument criticizes the ALJ's determination that she had the residual functional capacity ("RFC") for light work, because she maintains that the ALJ failed to consider functional limitations caused by her asthma, sleep apnea, and rheumatoid arthritis. Pl. Br. at 4-10. Plaintiff claims that, had the ALJ properly considered these restrictions when assessing her RFC, the ALJ would have found that she cannot perform light work. This court finds that that ALJ provided deficient reasons for finding that these impairments were not severe and that, although the ALJ stated she would consider these three non-severe impairments throughout the disability determination process, R. 796, 803, her decision reveals that she did not. Since the ALJ was required to consider all impairments throughout the disability determination process, she committed legal error by failing to do so. 20 C.F.R. § 404.1523(c). The error is harmful, because these conditions could reduce Plaintiff's RFC to sedentary work; at which exertional level, she would be disabled under Medical-Vocational Rule 201.14. Hence, this case should be remanded for proper consideration of the limitations caused by these overlooked, but well-documented, conditions.

The ALJ made reversible errors when considering Plaintiff's asthma, sleep apnea and rheumatoid arthritis. First, as to Plaintiff's asthma and sleep apnea, the ALJ deemed the conditions not severe, because they were controlled by medication and CPAP compliance, and did not require hospitalizations. R. 797. This explanation is defective, inasmuch as it omits consideration of whether these ailments, controlled or not or requiring hospitalization or not, caused more than minimal effect on Plaintiff's ability to perform the requirements of work, the relevant consideration. *See McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing Social Security Ruling 85-28, 1985 WL 56856, at *3). Furthermore, although the ALJ properly

accounted for Plaintiff's need to avoid pulmonary irritants such as dust, wetness, fumes, and gas in the RFC assessment, she did not consider other limitations caused by these conditions, such as fatigue, lack of focus, memory problems, and her need to avoid illnesses carried by supervisors, coworkers and the public. These ignored limitations detract from the determination that Plaintiff can sustain light work.

Next, the ALJ found that Plaintiff's rheumatoid arthritis was not severe because, although it was diagnosed in the record and Plaintiff sought treatment for the condition both before and after the alleged onset date, in between, Plaintiff had a gap in treatment for this condition. R. 797-98. However, the ALJ ignored Plaintiff's legitimate explanation for her treatment gap, a lack of medical insurance. R. 821. That lack of coverage was documented by her medical provider, Dr. Mohan Gurubhagavatula, on April 12, 2010, well before the alleged onset date. R. 776. While the ALJ cited Dr. Gurubhagavatula's April 12, 2010 treatment record in her decision as regards certain information,[7] she ignored Plaintiff's documented lack of health insurance. R. 798.

It is permissible to draw an adverse inference if the claimant does not seek treatment for a condition that allegedly causes pain, *see Mason v. Shalala*, 994 F.2d 1058, 1068 (3d Cir. 1993), however, an ALJ does not have license to ignore other evidence that supports a claimant. *See id.* In this instance, the ALJ ignored the reason treatment was not pursued during the relevant period. This failure to consider the proffered explanation constitutes error. *Id.* Furthermore, the ALJ's decision does not clarify if the upper extremity limitations contained in the RFC assessment were due to Plaintiff's carpal tunnel syndrome ("CTS"), her rheumatoid arthritis, or both. Regardless, the ALJ's finding that Plaintiff could frequently perform postural activities, other than climbing ladders, is belied by Plaintiff's testimony about her lower back pain and joint stiffness. R. 823,

---

[7] The ALJ cited to Ex. 36F, p. 12. R. 798. This corresponds to R. 776 and is the page of the record Plaintiff's attorney cited at the administrative hearing. R. 821.

827. Had the ALJ properly consider rheumatoid arthritis limitations, her RFC assessment may have changed.

Upon remand, the ALJ shall re-evaluate Plaintiff's RFC by explicitly including Plaintiff's proven limitations from asthma, sleep apnea and rheumatoid arthritis in combination with the limitations caused by her severe impairments. After doing so, if Plaintiff can only perform sedentary work, she will be disabled under Medical-Vocational Rule 201.14. If Plaintiff can still do a limited range of light work, then the ALJ must reconsider whether Plaintiff can perform her past relevant work or, if not, any other work that exists in the national economy.

2. <u>The ALJ Erred by Finding that Plaintiff could Frequently Perform Gross and Fine Finger Manipulation</u>

Plaintiff next complains that the ALJ erred reversibly when she decided that Plaintiff's RFC permitted her to frequently perform gross and fine finger manipulations. Pl. Br. at 11-13. As noted *supra* Section IV(C)(1), the ALJ erred reversibly when finding that Plaintiff's rheumatoid arthritis was not severe and by failing to consider how this impairment combined with her severe impairments when assessing Plaintiff's RFC. The antecedent error affects the ALJ's determination that Plaintiff could frequently perform gross and fine finger manipulations. Plaintiff testified that, as a result of her CTS and rheumatoid arthritis, she frequently dropped objects, could not fasten buttons, comb her hair, or use zippers. R. 827, 830-31. Had the ALJ actually considered Plaintiff's CTS and rheumatoid arthritis in combination, as she was required to do, 20 C.F.R. § 404.1523(c), she might have afforded more credit to Plaintiff's testimony and reduced her RFC from frequent to occasional performance of gross and fine finger manipulations. In that event, per the VE's testimony, there would be no light jobs in the national economy that Plaintiff could perform. R. 836-38. As the ALJ conceded, if Plaintiff is limited to sedentary work, she is disabled. Hence, this error is not harmless.

Upon remand, the ALJ must consider Plaintiff's CTS and rheumatoid arthritis in combination and determine whether these impairments in combination limit her to occasional gross and fine finger manipulations.

3. <u>The ALJ did not Err by Dismissing the Philadelphia School Board's Disability Finding</u>

Plaintiff argues that the ALJ erred by not adopting the Philadelphia School Board's determination that she was disabled from performing her past relevant work. Pl. Br. at 13-14. This argument lacks merit, because disability determinations by other governmental or nongovernmental agencies are based upon their rules. 20 C.F.R. § 404.1504 (2016). The ALJ's disability determination must be made based upon Social Security Law, hence, determinations by other agencies are not binding. *Id.* In making her decision, the ALJ acknowledged the Philadelphia School Board's disability determination and the appropriate regulation. R. 804-05. She decided to afford the other agency's decision little weight, because it was inconsistent with the ALJ's understanding of the evidence prior to the date last insured; there was no explanation provided for why Plaintiff was disabled or recital of evidence used to reach their disability determination. R. 805. Since the governing regulation instructed the ALJ that the Philadelphia School Board's disability determination was not binding, she properly used her discretion to afford it little weight.

An implementing order and order of judgement follow.